EASTFIELD S. S. CO., Limited, v. McKEON.

(Circuit Court of Appeals, Fifth Circuit.   June 2, 1913.)

No. 2,313.

On motion to modify decree.   Motion granted.

For former opinion, see 201 Fed. 465.

Before PARDEE and SHELBY, Circuit Judges, and MEEK, District Judge.

PARDEE, Circuit Judge.   In a motion to recall the mandate and modify the decree entered in this case, our attention has been called to the fact that, although we said in our former opinion (201 Fed. 465), "On the general merits of the case we concur with the District Court in the conclusion that on the pleadings and briefs the respondents are liable to the Eastfield Steamship Company, Limited, or its assignees, for full damages resulting from the breach of the charter party," under our decree, which orders the decree of the lower court of August 14, 1910, reinstated, the libelant is denied the right to recover full damages for the breach of the charter party sued on, and is limited to a recovery of partial damages only, to wit, those suffered between April 10, 1902, and June 30, 1902.

The appeal in this case is from a final decree dismissing the libel. The only errors assigned are as follows:

"First. The court erred in its decree of April 1, 1911, by refusing the motion of libelant to amend its libel in this cause, as per the amendment filed on the 28th day of January, 1911.

"Second. The court erred in its decree of April 1, 1911, by granting the motion of the defendant, McKeon, to dismiss the libel in this cause.

"Third. The court erred in its decree of April 1, 1911, in dismissing the libel in this cause.

"Fourth. The court erred in its decree of April 1, 1911, wherein it taxed libelant with the costs of the above-mentioned cause."

On the hearing, the scope of the libelant's right to recover damages, if entitled to recover at all, was neither discussed in the briefs nor in the oral argument.   Under these circumstances, we find it proper to amend our decree, heretofore and during this term rendered, so that the District Court in due course may do full justice between the parties.

It is therefore ordered that our former decree in this case be amended so as to read:

"For these reasons, the decree dismissing the libel is reversed, and the case is remanded, with instructions to set aside the decree of April 1, 1911, and thereafter proceed according to admiralty rules and usages to ascertain and decree as the evidence may show the full damages which the libelant may be entitled to recover."

Our former mandate is recalled, and another will be issued on the decree as herein amended. All costs accruing in this court since the first mandate will be paid by the Eastfield Steamship Company.